## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Farnam Street Financial, Inc., a Minnesota corporation, | ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT** |
| Spire Corporation, a Massachusetts corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

For its Complaint against Defendant Spire Corporation ("Spire" or "Defendant"),

Plaintiff Farnam Street Financial, Inc. ("Farnam Street") states and alleges as follows:

### THE PARTIES

1.      Farnam Street is a Minnesota corporation with its corporate headquarters

and principal place of business located in Hennepin County, Minnesota at 5850 Opus

Parkway, Minnetonka, Minnesota 55343.  Farnam Street is engaged in the business of

equipment leasing.

2.      Farnam Street's employees are located in Minnesota (with the exception of

one employee located in California), all of its offices are located in Minnesota, all of its

lease contracts are delivered to Farnam Street in Minnesota, and all lease payments are

made to Farnam Street (or its bank) in Minnesota.

3.      Spire is a Massachusetts corporation with its principal place of business

located at One Patriots Park, Bedford, MA 01730.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because (i) there exists complete diversity of citizenship between Farnam Street, a citizen of Minnesota, and Spire, a citizen of Massachusetts, and (ii) the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

5.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

### I.     The Equipment Lease Agreement

6.     In June 2011, Farnam Street and Spire entered into an equipment lease agreement identified as Lease Agreement Number SP060311 ("Lease Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**.

*7.*     By virtue of the Lease Agreement, Farnam Street agreed to lease certain equipment (the "Equipment") to Spire pursuant to lease schedules incorporated into the Lease Agreement.

8.     In connection with the Lease Agreement, Farnam Street and Spire executed Lease Schedule No. 001, a true and correct copy of which is attached hereto as **Exhibit B**. Pursuant to the terms of Lease Schedule No. 001, Farnam Street committed to leasing and Spire committed to leasing $200,000 worth of equipment for a period of 30 months, commencing upon Spire's satisfaction of the $200,000 leasing commitment.  Once Spire selected and accepted $200,000 worth of equipment, the parties agreed to enter into a

2

revised lease schedule to reflect the actual cost of the accepted equipment and the commensurate "Monthly Lease Charge."

9.      Spire accepted and installed $198,831.53 worth of equipment under Lease Schedule No. 001 (the "Equipment"), thereby failing to satisfy its $200,000.00 commitment.  All of the Equipment was installed by February 26, 2014.

10.      Based on Spire's failure to satisfy the $200,000.00 commitment, Lease Schedule No. 001 never commenced.

11.      As provided for under Lease Schedule No. 001, the "Monthly Lease Charge will be prorated and charged as interim rent" from the date a piece of equipment is installed for use by Spire and the date of commencement of Lease Schedule No. 001.

12.      As a result of Spire's failure to commence Lease Schedule No. 001, it has remained obligated to pay interim rent to Farnam Street.  Farnam Street commenced Lease Schedule No. 001 effective as of December 1, 2015, notwithstanding Spire's failure to meet the $200,000 leasing commitment.

13.      In connection with Lease Schedule No. 001, Spire provided a security deposit in the amount of $12,760.00, returnable to Spire only if there is no event of default under the Lease Agreement.

II.      **Spire's Breach of the Lease Agreement**

14.      Pursuant to Paragraph 16(1) of the Lease Agreement, non-payment of the Monthly Lease Charge that continues for a period of ten (10) days from the particular due date is defined as an "Event of Default."

3

15.     As of the date of this filing, Spire has caused multiple Events of Default by failing to pay its prorated Monthly Lease Charge within ten (10) days from when such amounts became due.  Specifically, Spire has failed to pay the rent that became due and owing on June 1, July 1, August 1, September 1, October 1, November 1 and December of  2015.  As of December, 2015, Spire was $47,512.22 in arrears on its monthly rent obligations.

16.     Upon the occurrence of an Event of Default caused by Spire, Farnam Street, with or without notice or demand, is entitled to, *inter alia*: (i) recover all accrued and unpaid Monthly Lease Charges and other amounts due and owing; (ii) accelerate all current and future Monthly Lease Charges and demand immediate payment thereof; (iii) retake possession of the Equipment without terminating Lease Schedule No. 001 or the Lease Agreement; and (iv) cause to become due and immediately payable and recover the "Casualty Loss Value of the Equipment."  Lease Agreement ¶ 17.

17.     As an alternative to recovering the leased equipment upon an Event of Default, Farnam Street can also elect to recover the "Casualty Loss Value" of the leased equipment, which is defined and calculated pursuant to Paragraph 12 of the Lease Agreement.

18.     Spire is obligated to pay Farnam Street for all costs, expenses, and fees (including attorneys' fees) incurred by Farnam Street in seeking to enforce its rights and remedies resulting from the Events of Default committed by Spire.  Farnam Street has incurred and continues to incur costs, expenses, and attorneys' fees as a result of Spire's Events of Default.

CORE/2054069.0094/113288535.2

19.     Farnam Street is also entitled to recover Late Charges (as defined in the Lease Agreement) computed on any past due amount on the date such payment is due and every thirty (30) days thereafter until all past due amounts are paid in full.

20.     The Lease Agreement also requires Spire to pay any applicable taxes on the Equipment.

## III.    Farnam Street's Damages

21.     As of December 4, 2015, Farnam Street was entitled to all previously billed and past due monthly rent due under Lease Schedule No. 001 ($47,512.22), accelerated future monthly Lease Charges ($183,720.86), and Late Charges ($7786.84), in the total amount of $239,019.92, plus any applicable property taxes and all attorneys' fees and costs incurred by Farnam Street.

22.     Additionally, Farnam Street is entitled to recover the Casualty Loss Value of the leased Equipment totaling $254,130.59 (calculated as of December 4, 2015).

## COUNT I
## BREACH OF CONTRACT

23.     Farnam Street re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

24.     Spire has failed to pay monthly rent in accordance with the terms of the Lease Agreement and incorporated Lease Schedule 001.  Such nonpayment has lasted for more than ten (10) days since the applicable due dates, thus constituting an Event of Default and breach of the Lease Agreement.

5

25.     Spire's breach of the Lease Agreement is the cause of damages to Farnam Street, entitling it to the relief provided for in the Lease Agreement and as set forth below.

## COUNT II
## CONVERSION

26.     Farnam Street re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

27.     Spire currently possesses the Equipment subject to Lease Schedule No. 001, which Equipment is owned by Farnam Street.

28.     To date, and without justification, Spire has refused to either return or pay for the Equipment owned by Farnam Street.

29.     Spire has wrongfully and willfully exercised dominion and control over the Equipment owned by Farnam Street.

30.     Spire's wrongful withholding of Equipment owned by Farnam Street constitutes conversion of the Equipment.

31.     As a result of Spire's willful interference, Farnam Street has been deprived of the use and possession of its Equipment and has been damaged in an amount to be proven at trial.

## COUNT III
## DECLARATORY JUDGMENT

32.     Farnam Street re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

CORE/2054069.0094/113288535.2

33.     Pursuant to Lease Schedule No. 00, Farnam Street received a security deposit totaling $12,760.00, which is returnable to Spire "provided there is no event of default."

34.     Spire has committed several Events of Default, thus creating an actual and live controversy between the parties with respect to the security deposit.

35.     Farnam Street is entitled to a declaration that Farnam Street is entitled to retain the security deposit.

## REQUEST FOR RELIEF

WHEREFORE, Farnam Street prays for judgment as follows:

1.     Awarding Farnam Street damages in the total amount of $239,019.92, plus other amounts due and/or likely to become due under the Lease Agreement in favor of Farnam Street and against Spire;

2.     Awarding Farnam Street the Casualty Loss Value of the leased Equipment in the amount of $254,130.59 against Spire;

3.     Awarding prejudgment interest in favor of Farnam Street and against Spire at the maximum rate allowed by law;

4.     Awarding Farnam Street its costs, expenses, and fees (including attorneys' fees) incurred in pursuing this action and in dealing with the Events of Default committed by Spire, as provided for in the Lease Agreement and as allowed by law;

5.     Declaring that Farnam Street is entitled to retain the security deposit in the amount of $12,760.00; and

CORE/2054069.0094/113288535.2

6.     Awarding to Farnam Street such other relief as the Court deems just and
equitable.

Dated:  December 11, 2015          s/ Phillip J. Ashfield
                                            Donald T. Campbell (#0262171)
                                            Phillip J. Ashfield (#0388990)
                                            STINSON LEONARD STREET LLP
                                            150 South Fifth Street, Suite 2300
                                            Minneapolis, Minnesota  55402
                                            Telephone:  (612) 335-1500
                                            E-mail:  don.campbell@stinson.com
                                                                 phillip.ashfield@stinson.com

                                            **ATTORNEYS FOR FARNAM STREET FINANCIAL, INC.**

8